NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-GATE.—July, 1882.

## FORSTER v. KANE.

*In the matter of the probate of the will of* JOHN J. A. BRISTED, *deceased.*

The value of the professional services rendered by counsel to the special guardian of an infant, opposing the probate of a will, does not furnish the correct standard for the allowance of contestant's costs.

Since September 1st, 1880, the sole source of the authority of a Surrogate's court to allow compensation to special guardians in probate proceedings has been the Code of Civil Procedure.

Where probate is opposed in behalf of an infant, and granted, his special guardian is an "unsuccessful contestant of the will," within the meaning of section 2558 of that act; and 2561 prescribes the narrow limits within which the court may exercise its discretion as to the amount to be awarded—viz.: not exceeding seventy dollars, and ten dollars per day, in addition, for all the days less two, necessarily occupied in the trial.

APPLICATION by Frederick P. Forster, the special guardian of Charles H. M. Bristed, an infant, contesting the probate of decedent's will, for compensation out of the estate; opposed by Edith Kane, legatee. The facts appear sufficiently in the opinion.

GEORGE H. FORSTER, *for special guardian.*

STEARNS & CURTIS, *for Edith Kane.*

THE SURROGATE.—The will of the testator was propounded before September 1, 1880, when the provisions of the present Code of Civil Procedure became effective. Its admission to probate was resisted in behalf of the infant half-brother of decedent, who was his only heir-at-law and next of kin. The contest terminated in favor of the proponents, and a decree was entered accordingly, which reserved for future determination the settlement of costs and allowances.

The special guardian of the contestant has applied to the Surrogate for compensation out of the estate, and has suggested the granting of a certain allowance, which, according to the affidavits accompanying his application, is commensurate with the value of his own services and those of his counsel. In the view, however, which I feel compelled to take of a legal question here involved, the value of the professional assistance rendered to the contestant does not furnish the correct standard for the adjustment of costs and allowances.

In a case which was recently decided, I had occasion to inquire what laws are now in force for the taxation of costs, in proceedings which were commenced in this court before September 1, 1880, and which have been finished since that date. I reached the conclusion that the provisions of the present Code of Civil Procedure are applicable under all circumstances (Matter of Sexton, *ante*, 3).

It has been urged by contestant's counsel, in the present case, that the Surrogate's authority to allow compensation

to special guardians previously to the date when the Code went into effect, was quite independent of those provisions of the Revised Statutes, and of the act of 1870, which were abrogated by the repealing act of 1880, and which had, theretofore, admittedly been the sole sources of the power of this court to grant costs and allowances to parties and their counsel. It has been insisted, indeed, that the statutes have never made express provision for the compensation of a special guardian, but that this court has, nevertheless, been vested with authority to recompense such an officer out of the funds of the estate with which he has been connected.

Whatever may have been the general jurisdiction of the Surrogate in this regard, or whatever it may now be, under circumstances differing from those which surround the present case, it seems to me that the right to allow compensation to special guardians, in such a proceeding as the one in which the services were here rendered, has been, since September 1, 1880, solely derived from the Code of Civil Procedure, and that sections 2558 and 2561 prescribe the narrow limits within which he is at liberty to exercise his discretion.   By the third subdivision of the former section, it is provided that "when a decree is made upon a contested application for probate of a will, costs, payable out of the estate or otherwise, shall not be awarded to an unsuccessful contestant of the will, *unless he is a special guardian for an infant.*"  The reason for the adoption of this provision is apparent on its face. The authority, wherewith this court was vested by the act of 1870, of awarding fees to counsel whether successful or unsuccessful, was an enormous incentive to reck-

less litigation. It was to prevent this mischief that the legislature adopted the present rule, which forbids any allowance whatever to any party fruitlessly opposing the probate of a will, except the special guardian of an infant. Now, in whatever light a special guardian may under other circumstances be regarded, it seems to me that, within the meaning of this section, and in his relation to this proceeding, that officer must be regarded as an unsuccessful party to the contest over the probate of this will. As such party, he is entitled to those costs, and to those only, which this court is, by section 2561, authorized in its discretion to allow. The amount cannot exceed seventy dollars, and ten dollars per day, in addition, for all the days, less two, necessarily occupied in the trial.

I fully realize that the maximum sum which can thus be awarded is but sorry recompense to counsel on either side for the skill, learning and industry with which this contest has been conducted. I regret that the statute constrains me within such narrow limits. But I cannot interpret the provisions of the Code as permitting me to reward the efforts of an unsuccessful suitor with a liberality which they unequivocally forbid my extending to the successful party in the very same proceeding.

It is purely a question of law whether the correct basis has been chosen for the taxation of these costs, and I purposely refrain from intimating what sum would be allowed in the exercise of a wider discretion, that the special guardian may be unembarrassed in submitting the matter, should he desire to do so, to the judgment of an appellate tribunal.

Ordered accordingly.